Taylor, Chief-Justice,
dissetstiente. — Where tiie Defendant undertakes to do an act at a certain time and place, to which the concurrence of the obligee is necessary, and the latter does not attend, the condition is considered as performed, because the other party hindered it. The law is the same where the act is to be done to the agent of the obligee, or to another for his benefit, for it *44 is the duty of tbe principal to take care that his agent is at the place ready to receive a performance.
A condition to be performed to a stranger, must be strictly and exactly performed, because the obligee has no control over him, and no man should rashly undertake to do an act, to the completion of which, the wish of another must unite with his own. The distinction seems to be plainly drawn between the obligee, and a stranger, and there is no middle term. If Hawkins was a stranger, the conclusion inevitably follows, that the Defendant has not done what the law, applied to his contract, demands from him. That he was not a stranger in contemplation of law, 1 infer from these circumstances. The Jury have affirmed the fact, that the. bond was taken by the agreement and contract of the Plaintiffs, and as the record shews that the bond was taken by Hawkins and made payable to the Plaintiffs, the substance of the finding is, that the Plaintiffs authorised Hawkins, as their agent in tins respect, to deliver the horse to Harrison, upon his entering into bond, to deliver him to the sheriff by a certain time.
The record furl her shews, that the horse was levied upon under the Plaintiffs executions, and therefore, the delivery to the sheriff must have been for their benefit, and this alone would distinguish the sheriff from a stranger, since he is agreed upon by the parties as the person to whom an act is to be done, which, when performed, is to enure to the benefit of the obligee. It may be said, that the Plaintiffs were already secure in their remedy against the sheriff, if he surrendered the property to Harrison. But they may have desired to accommodate Harrison; and they may have been willing to strengthen their security against the sheriff. For these reasons, I think the verdict is right.